UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE MURSCHEL,<br>CDCR #P-04895,<br><br>         Plaintiff,<br><br>  vs.<br><br>DANIEL PARAMO, et al.,<br><br>         Defendants. | Case No.: 3:17-cv-1142-BTM-AGS<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER** |

  Lance Murschel ("Plaintiff"), a prisoner incarcerated the Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1.) Plaintiff has also filed Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction (ECF No. 3).

The Court has granted Plaintiff *in forma pauperis* ("IFP") status but has not yet conducted the required sua sponte screening of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) & § 1915A. While the Court has not made the determination whether Plaintiff has stated claims against the named Defendants that survive the sua sponte screening process, the Court ordered Defendants to respond to Plaintiff's Motion for a TRO or Preliminary Injunction. On June 23, 2017, Defendant Paramo filed a response to Plaintiff's Motion through counsel specially appearing on his behalf. (ECF No. 8.)

**I. Motion for Restraining Order**

Plaintiff has filed a "Motion for a Temporary Restraining Order and Preliminary Injunction" pursuant to FED. R. CIV. P. 65. (ECF No. 3.) Plaintiff seeks an order "to ensure that he is not transferred out of Richard J. Donovan Correctional Facility." (*Id.* at 1.) Plaintiff claims that Defendants are retaliating against him for filing this lawsuit by "recommending that the Plaintiff be transferred out of [RJD] to another institution [in] Northern California." (*Id.* at 3-4.) Plaintiff further claims that this transfer will "significantly put his life on danger or risk of serious harm or injury." (*Id.* at 4.)

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995); *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standards for issuing a TRO are "substantially identical" to those for issuing a preliminary injunction). A plaintiff seeking a preliminary injunction must establish: (1) a likelihood of succeed on the merits; (2) a likelihood that plaintiff will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

///
///

As stated above, Defendant Paramo has filed a response in opposition to Plaintiff's request. (ECF No. 8.) In support of the opposition, Defendant Paramo has supplied the declaration of J. Homer, along with the declaration of C. Weathersbee. (ECF Nos. 8-1, 8-2.)

Plaintiff claims he was told by "Correctional Counselor John Doe" in April of 2017 that he "will appear to the Institution Classification Committee" who will "recommend that Plaintiff be transferred out of [RJD] E.P.P. level of care SNY yard to Northern California State Prison Level II or III which houses inmates in dorms." (Pl.'s Mot. at 6.) Plaintiff objects to this "transfer recommendation on the basis of health issues, family ties and safety concerns." (*Id.*) Plaintiff maintains that this transfer will "seriously threaten Plaintiff's life, health and safety and that it will be against his will." (*Id.*)

Defendant argues that Plaintiff is simply not entitled to relief because "he is not scheduled to be transferred from RJD." (Def.'s Opp'n, ECF No. 8, at 2.) (emphasis in original.) In support of this statement, Homer's declaration, signed under penalty of perjury, indicates that Homer is a Correctional Counselor II and he is "familiar with the policies and procedures of CDCR and RJD regarding the assignments of an inmate's housing classification status, and an inmate's transfers between CDCR institutions." (Homer Decl. at ¶ 2.) As a Correctional Counselor, Homer has access to "each inmate's records at RJD regarding their current classification status and any pending transfers to other CDCR institutions." (*Id.*)

Homer's review of Plaintiff's file indicates that he is "not currently recommended or scheduled to be transferred from RJD." (*Id.* at ¶ 3(a)). On February 27, 2017, a "special committee" did recommend that Plaintiff be "transferred to a lower-level facility than RJD, which is a high-security Level IV facility." (*Id.* at ¶ 3(b)). The committee then recommended a transfer to Mule Creek State Prison ("MCSP") which is a lower level security institution. (*Id.*) However, on March 16, 2017, a "Correctional Counselor III" did not "adopt the Committee's recommendation" in part because there was "no bed

space available" at a lower level institution. (*Id.* at ¶ 3(c)). Therefore a "CDCR Form 128-G" was issued which "endors[ed] inmate Murschel to be retained at RJD." (*Id.*; Ex. 2, Auditor Action dated Mar. 16, 2017.) It is further noted that Plaintiff is currently housed in RJD's "Enhanced Out Patient ("EOP") Special Needs Yard ("SNY")." (*Id.* at ¶ 3(d)). Weathersbee, Litigation Coordinator for MCSP, declares that MSCP "has had "Enhanced Out Patient/Special Needs Yards for Level II and Level III inmates" for at least the past six months. (Weathersbee Decl. at ¶ 2.)

In order to meet the "irreparable harm" requirement, Plaintiff must do more than simply *allege* imminent harm; he must demonstrate it. *Caribbean Marine Servs. Co., Inc. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988). This requires Plaintiff to demonstrate by specific facts that he faces a credible threat of immediate and irreparable harm, unless an injunction issues. FED. R. CIV. P. 65(b). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." *Caribbean Marine*, 844 F.2d at 674-75.

Here, the Court finds that Plaintiff has failed to establish the imminent irreparable harm required to support a preliminary injunction. *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1131. Plaintiff must establish that the threat of future injury is both "real and immediate," not just "conjectural" or "hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983). The only basis for his request is what Plaintiff was allegedly told by a "John Doe" correctional counselor regarding a "recommendation" that will be made by unidentified individuals on a committee at some future point in time. Plaintiff does not know which prison is being recommended and assumes he will be housed in a dorm setting. Plaintiff provides no documentation in support of any of his claims. Defendant Paramo has set forth verified declarations, along with documentation, that demonstrate that Plaintiff is not currently scheduled to be transferred. Moreover, even when a transfer was considered, it did not go forward because the institution recommended did not have the facilities available to accommodate Plaintiff's various housing and medical needs.

Finally, Plaintiff does not have a constitutional right to be housed in the institution of his choice. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.")

For all these reasons, Plaintiff's Motion for TRO and Preliminary Injunction (ECF No. 3) is DENIED.

## II. Conclusion and Order

Good cause appearing, the Court:

**DENIES** Plaintiff's Motion for Restraining Order and Preliminary Injunction (ECF No. 3) without prejudice.

**IT IS SO ORDERED**.

Dated: July 3, 2017

Hon. Barry Ted Moskowitz, Chief Judge
United States District Court