UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| LANCE MURSCHEL,<br>CDCR #P-04895,<br>        Plaintiff,<br>v.<br>DANIEL PARAMO, et al.,<br>        Defendants. | Case No.: 3:17-cv-1142-BTM-AGS<br><br>**ORDER:**<br><br>**(1) GRANTING EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS;**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**(3) ISSUING ORDER TO SHOW CAUSE WHY DEFENDANTS TRIMBLE AND BROWN SHOULD NOT BE DISMISSED**<br><br>**[ECF Nos. 34, 36]** |
|---|---|

On April 8, 2019, Defendant Melton filed a "Motion to Dismiss Plaintiff's Complaint." (ECF No. 31.) A hearing date was set for May 31, 2019. (*Id.* at 1.) However, instead of filing a response to Defendant's motion, Plaintiff has filed a motion seeking an extension of time to file an opposition, along with a motion to appoint counsel. (ECF Nos. 34, 36.)

In addition, a review of the Court's docket indicates that the two other remaining Defendants, Trimble and Brown, have not yet been served in this action. (*See* ECF Nos. 26, 27.)

## I. Motion for Extension of Time to File Opposition to Motion to Dismiss

As stated above, on May 24, 2019, Plaintiff filed a request seeking an extension of time to file an opposition to Defendant's motion indicating that the inmate who had been assisting him in this matter was transferred to another prison. (*See* ECF No. 34 at 1.) Plaintiff also indicates that he has had difficulty accessing the prison's law library. (*Id.*)

"'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000). Accordingly, Plaintiff's Motion for Extension of Time is GRANTED. The Court will VACATE the May 31, 2019 hearing date and reschedule this matter to be set for Friday, July 26, 2019. The matter will be taken under submission at that time and no oral argument will be necessary.

## II. Motion for Appointment of Counsel

Plaintiff also requests that the Court appoint him counsel due to his indigence and lack of legal training. (*See* ECF No. 36 at 1.)

All documents filed pro se are liberally construed, and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotations omitted)). But there is no constitutional right to counsel in a civil case; and none of Plaintiff's pleadings to date demand that the Court exercise its limited discretion to request than an attorney represent him pro bono pursuant to 28 U.S.C. § 1915(e)(1) at this stage of the case. *See Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981); *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Only "exceptional circumstances" support such a

discretionary appointment. *Terrell v. Brewer*, 935 F.3d 1015, 1017 (9th Cir. 1991); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Exceptional circumstances exist where there is cumulative showing of both a likelihood of success on the merits and a demonstrated inability of the pro se litigant to articulate his claims in light of their legal complexity. *Id.*

As currently pleaded, Plaintiff's Complaint demonstrates that while he may not be formally trained in law, he nevertheless is fully capable of legibly articulating the facts and circumstances relevant to his claims, which are typical and not legally "complex." *Agyeman*, 390 F.3d at 1103. Therefore, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel. (ECF No. 36.)

### III. Order to Show Cause

On June 20, 2018, the Court directed the United States Marshal to effect service of the Complaint as to Defendants Melton, Trimble, and Brown. (*See* ECF No. 17.) While Defendant Melton has appeared in this action, a review of the Court's docket indicates that Defendants Trimble and Brown have not been served in this matter *See Walker v. Sumner,* 14 F.3d 1415, 1421-22 (9th Cir. 1994) (where a pro se plaintiff fails to provide the Marshal with sufficient information to effect service, the court's sua sponte dismissal of those unserved defendants is appropriate under FED.R.CIV.P. 4(m)). Pursuant to FED.R.CIV.P. 4(m), "if a defendant is not served within 90 days after the complaint is filed," the court is required to dismiss the action or "order that service be made within a specified time." *Id.* The court may extend the time to allow for service if Plaintiff "shows good cause for the failure" to serve the defendants. *Id.*

### IV. Conclusion and Order

For good cause shown, the Court:

(1) **DENIES** Plaintiff's Motion for Appointment of Counsel (ECF No. 36); and

(2) **GRANTS** Plaintiff's Motion for Extension of Time (ECF No. 34). The May 31, 2019 hearing date is **VACATED**. Defendant Melton's "Motion to Dismiss Plaintiff's Complaint" is reset for hearing on **Friday, July 26, 2019 at 11:00 am**. Plaintiff must

file and serve his opposition or notice of non-opposition no later than **Friday, July 12, 2019**. Defendant may file her reply, if any, no later than **Friday, July 19, 2019**.

    (3)    **ORDERS** that Plaintiff must show cause no later than **Friday, July 26, 2019** why the claims against Defendants Trimble and Brown should not be dismissed for want of prosecution pursuant to FED.R.CIV.P. 4(m).

IT IS SO ORDERED.

Dated: June 4, 2019

_____
Hon. Barry Ted Moskowitz
United States District Judge