UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE MURSCHEL,<br>CDCR #P-04895<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br><br>D. PARAMO, Warden, et al.,<br>　　　　　　　　　　　Defendants. | Case No.: 3:17-cv-1142-BTM-AGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS; and**<br><br>**2) DIRECTING DEPUTY ATTORNEY GENERAL TO PROVIDE DEFENDANTS' FORWARDING ADDRESSES IN CONFIDENTIAL MEMO** |

Lance Murschel ("Plaintiff"), currently incarcerated at the Richard J. Donovan Correctional Facility ("RJD"), is proceeding pro se and in forma pauperis ("IFP") in the civil rights action filed pursuant 42 U.S.C. § 1983.

**I.　Procedural History**

On April 8, 2019, Defendant Melton filed a "Motion to Dismiss Plaintiff's Complaint." (ECF No. 31.) A hearing date was set for May 31, 2019. (*Id.* at 1.) However, instead of filing a response to Defendant's motion, Plaintiff filed a motion seeking an extension of time to file an opposition, along with a motion to appoint counsel. (ECF Nos. 34, 36.)

1

On June 4, 2019, the Court granted Plaintiff's request for an extension of time and re-set the hearing date for Defendant Melton's Motion to July 26, 2019. (ECF No. 37.) In addition, the Court reviewed the docket and noted that two other Defendants, Trimble and Brown, have not yet been served in this action. (ECF Nos. 26, 27.) The Court also issued an Order to Show Cause ("OSC") why these Defendants should not be dismissed for failing to prosecute. (ECF No. 39.)

On August 6, 2019, Plaintiff filed a "Motion for Late Filing of Response to Defendant's Melton to Dismiss Complaint, Motion for Reservice of Defendants Trimble & Brown; and Motion for Response to Order to Show Case to Dismiss." (ECF No. 39.)

## I. Motion for Extension of Time to File Opposition to Motion to Dismiss

As stated above, Plaintiff has filed a request seeking an extension of time to file an opposition to Defendant's motion indicating that the inmate who had been assisting him in this matter was transferred to another prison and he has had inadequate access to the prison's law library. (ECF No. 39 at 2.)

"'Strict time limits ... ought not to be insisted upon' where restraints resulting from a pro se ... plaintiff's incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000). Accordingly, Plaintiff's Motion for Extension of Time is GRANTED. The Court will reschedule this matter to be set for Friday, October 18, 2019. The matter will be taken under submission at that time and no oral argument will be necessary.

## II. Motion for Extension of Time to Serve Defendants Trimble and Brown

Plaintiff also seeks an extension of time to respond to the Court's OSC and assistance in serving Defendants Trimble and Brown. Plaintiff's previous attempts at serving these two parties were unsuccessful. As to Defendant Trimble, the U.S. Marshal returned proof of service as unexecuted on March 5, 2019, with a notation that the litigation coordinator at RJD indicated that Defendant Trimble was "not employed, could not locate by that name." (ECF No. 26). As to Defendant Brown the returned proof of

service indicates that the RJD litigation coordinator "could not locate by that name." (ECF No. 17.)

Rule 4 of the Federal Rules of Civil Procedure provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

In cases involving a plaintiff proceeding IFP, a United States Marshal, upon order of the court, serves the summons and the complaint. FED. R. CIV. P. 4(c)(3) (providing for service by a United States marshal or deputy marshal "if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C § 1915."); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause.'" *Walker*, 14 F.3d at 1422 (quoting *Sellers v. United States*, 902 F.2d 598, 603 (7th Cir. 1990)).

The Court enjoys broad discretion under Rule 4(m) to extend time for service even without a showing of good cause. *In re Sheehan,* 253 F.3d 507, 513 (9th Cir. 2001); *Mann v. American Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003) (holding that district court may, under the broad discretion granted by FED. R. CIV. P. 4(m), extend time for service retroactively after the 120-day service period has expired).

Here, the Court finds Plaintiff has provided information "necessary to sufficiently identify" Defendants Trimble and Brown. *Walker*, 14 F.3d at 1422. Because it appears the only reason the U.S. Marshal was previously unable to effect service upon Defendants may be because they are no longer employed at RJD, and *so long as the privacy of both Defendant Trimble and Brown's forwarding addressed can be preserved*, Plaintiff is entitled to rely on the U.S. Marshal to effect service upon them on his behalf. *See Puett*, 912 F.2d at 275.

The Court will therefore direct the Deputy Attorney General assigned to this case to contact the Litigation Coordinator at RJD, and ask that they provide any and all forwarding addresses in his or her possession, or which are obtainable from the CDCR's personnel records and to forward those addresses to the U.S. Marshal in a *confidential memorandum* indicating that the summons and Plaintiff's Complaint (ECF No. 1) is to be served upon them at the addresses provided.

### III. Conclusion and Orders

Based on the foregoing, and finding good cause therefor, the Court:

1) **GRANTS** Plaintiff's Motion for Extension of Time to respond to Defendant Melton's Motion to Dismiss and to respond to the Court's OSC. (ECF No. 39). Defendant Melton's "Motion to Dismiss Plaintiff's Complaint" is reset for hearing on **Friday, October 18, 2019 at 11:00 a.m**. There will be no appearances necessary. Plaintiff must file and serve his opposition or notice of non-opposition no later than **Friday, October 4, 2019**. Defendant may file her reply, if any, no later than **Friday, October 11, 2019**.

2) **DIRECTS** the Clerk of Court to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants Trimble and Brown pursuant to Fed. R. Civ. P. 4(a), (b), and forward it, together with two blank U.S. Marshal Form 285s for Defendants Trimble and Brown *to the U.S. Marshal*, together with two certified copies of Plaintiff's Complaint (ECF No. 1), a copy of the June 14, 2017 Order Granting IFP (ECF No. 7) and the January 22, 2018 Order Directing U.S. Marshal Service (ECF No. 16).

3) **DIRECTS** the Deputy Attorney General assigned to this case to determine from the Litigation Coordinator at RJD, the forwarding addresses in their records for Defendants J. Trimble and D. Brown, both former staff psychologists at RJD, and to provide those addressed to the U.S. Marshal in a *confidential memorandum*. The summons and Plaintiff's Complaint (ECF No. 1) are to be served upon them at those addresses, as soon as possible. Pursuant to this confidential service Order, neither Defendant Trimble nor Defendant Brown's addresses shall appear on any U.S. Marshal Form 285, be made accessible to Plaintiff under any circumstances, or be made part of the Court's record. They shall not be on the proof of service filed with the Court. The Deputy Attorney General shall give notice of the confidentiality provisions to the Deputy U.S. Marshal who will effect service.

4) **DIRECTS** the U.S. Marshal, pursuant to FED. R. CIV. P. 4(c)(3), (m) and 28 U.S.C. § 1915(d), within 30 days of receiving Defendant Trimble and Brown's confidential forwarding addresses, to effect service of Plaintiff's Complaint (ECF No. 1) and summons upon Defendants Trimble and Brown. The U.S. Marshal shall return proof of that service, and/or any attempts of unsuccessful service as to Trimble and Brown within 30 days of receipt of Trimble and Brown's addresses, *but shall not include the confidential forwarding addresses on the U.S. Marshal Form 285s or proof of service to be filed in the Court's docket*.

**IT IS SO ORDERED**.

Dated: August 27, 2019

_____
Hon. Barry Ted Moskowitz
United States District Judge