UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE MURSCHEL,<br>CDCR #P-04895,<br><br>                              Plaintiff,<br><br>vs.<br><br>DANIEL PARAMO, et al.,<br><br>                              Defendant. | Case No.: 3:17-cv-1142-BTM-AGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY AND ABEYANCE**<br><br>**[ECF No. 81]** |

Lance Murschel ("Plaintiff"), currently incarcerated at the California Medical Facility ("CMF") located in Vacaville, California, is proceeding pro se and in forma pauperis ("IFP") in this civil rights action filed pursuant to 42 U.S.C. § 1983. Currently before this Court is Plaintiff's "Motion [to] Stay [and] Abeyance." (ECF No. 8.) Defendants have filed an Opposition to Plaintiff's Motion. (ECF No. 83)

Plaintiff seeks this stay in order to "exhaust all administrative remedies." (*Id.* at 1.) However, there is no pending motion arguing that Plaintiff failed to exhaust his administrative remedies prior to filing this action. In fact, the Court denied Defendant

9

1  Melton's Motion to Dismiss Plaintiff's retaliation claims for allegedly failing to exhaust
2  his administrative remedies. (*See* Mar. 10, 2020 Order, ECF No. 54 at 9-10.)

3  If Plaintiff has not, in fact, exhausted his administrative remedies as to any other
4  claims, the Prison Litigation Reform Act ("PLRA") does not permit post filing exhaustion.
5  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought … until such administrative
6  grievances as are available are exhausted."). The Ninth Circuit has held that "a district
7  court must dismiss a case without prejudice when there is no presuit exhaustion, even if
8  there is exhaustion while suit is pending." *Lira v. Herrera,* 427 F.3d 1164, 1170 (9th Cir.
9  2005); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have
10 written a statute making exhaustion a precondition to judgment, but it did not. The actual
11 statute makes exhaustion a precondition to suit."). The Court will not dismiss Plaintiff's
12 action at this time because there is no record before the Court that Plaintiff has not
13 completely exhausted his administrative remedies.

14 Plaintiff also informs the Court that he has brain cancer. (*See* Pl.'s Mot. at 1.)
15 Plaintiff has attached a memorandum regarding his classification committee hearing dated
16 April 4, 2013 and what appear to be some of his medical records in support of his Motion.
17 (*Id.* at 3.) While Plaintiff does not have any "law training," he nonetheless has appeared
18 capable of legibly articulating the facts and circumstances relevant to his claims, which are
19 typical and not legally "complex." *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101,
20 1103 (9th Cir. 2004). Plaintiff claims to have lost the assistance of another inmate but he
21 does not indicate when that happened and specifically how it impacts his ability to continue
22 to litigate this matter.

23 Defendants, in their Opposition, indicate that this "action has proceeded through the
24 pleading stage and the parties successfully met and conferred to prepare a Joint Discovery
25 Plan." (Defs.' Opp'n at 2.) Moreover, they argue that Plaintiff has "demonstrated his
26 ability to litigate his claims despite his lack of legal training and assistance, and staying
27 proceedings would prevent the parties from efficiently resolving this action." (*Id.*)
28

1 | Throughout these proceedings, the Court has liberally granted Plaintiff multiple
2 | extensions of time. If there is a pending matter and Plaintiff requires additional time to
3 | respond, the Court will consider future requests for additional time so long as Plaintiff is
4 | able to show good cause.
5 | For all of the above reasons, the Court does not find that a stay is warranted at this
6 | time and DENIES Plaintiff's Motion for Stay and Abeyance. (ECF No. 81.)
7 | **IT IS SO ORDERED**.
8 | Dated: December 7, 2020

Honorable Barry Ted Moskowitz
United States District Judge